**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 4:26-CR-122-MJT** |
| | § | |
| | § | |
| **KEVIN JOSEPH HART** | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR SEVERANCE OF COUNT FOUR**

Pending before the court is Defendant's Motion for Severance of Count Four (doc. #17). The Government filed a response in opposition. (Doc. #23.) Defendant filed a reply. (Doc. #24.) This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

## I. Background

Defendant, Kevin Joseph Hart, was indicted on May 20, 2026, in a four-count Indictment. (Doc. #1.) Counts One and Two allege violations of 18 U.S.C. § 1343 (Wire Fraud) from January 2023, through August 2024, stating that Hart falsely represented to investors that funds the investors provided would be used as venture capital or general investment funds and used to develop, produce, and launch the Livvy app, which Hart represented was in a near-complete stage of development and had substantial support from many partners. (Doc. #1.) In reality, the app was never functional, the funds were used for purposes other than as Hart represented, and the investors lost their money. (*Id.*) In Count Three, Hart is charged with 18 U.S.C. § 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) alleging that on

February 20, 2024, he knowingly engaged, and attempted to engage, and caused others to engage, in a monetary transaction affecting interstate commerce, in criminally-derived property of a value greater than $10,000.00, that is, the withdrawal, deposit, and transfer of funds from and to the financial institutions, such property having been derived from specified unlawful activity, that is wire fraud as alleged in Counts 1 and 2 of the Indictment, knowing that the monetary transactions involved criminally-derived property, the monetary transactions having taken place within the United States. (*Id.*)

In Count 4, Hart is charged with 18 U.S.C. § 1014 (False Statement to Influence a FDIC-Insured Financial Institution) alleging that in August 2019, Hart and his spouse applied for a conventional home loan to finance the purchase of a home located in the City of Prosper, in the Eastern District of Texas. (*Id.*) According to Count 4, in the application for the loan, Hart and his spouse submitted false and fraudulent statements inflating the balance figures in their bank accounts for the purpose of influencing a lending action of the institution, that is, to loan funds for the purchase of a residence, and the financial institution was federally insured. (*Id.*)

Hart seeks to sever Count Four from Counts 1-3. (Doc. 17.) He argues that the alleged facts in Count Four occurred over three years prior to the facts alleged in Counts 1-3 and are completely unrelated. He also asserts that it is prejudicial to join Count Four with the other counts as it would circumvent use of Federal Rule of Evidence 404(b). Typically, Rule 404 prohibits the Government from using evidence of prior bad acts to bolster evidence. Hart argues that with these counts all joined together, Rule 404 would not apply and the jury would be more likely to find him guilty of investor fraud if they think he committed bank fraud in Count 4 over three years prior. The Government filed a Response stating that joinder is proper in this case because the crime in Count Four is similar in character to the crimes alleged in Counts 1-3. (Doc. #23.)

## II. Discussion

Rule 8 allows an indictment to charge a defendant in separate counts with two or more offenses if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. FED. R. CRIM. P. 8(a). "Joinder of charges is the rule rather than the exception, and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995). In determining whether joinder is proper, the court looks only to the allegations in the indictment. *United States v. Lane*, 474 U.S. 438, 477 (1986); *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988).

Even if the requirements of Rule 8 are met, Rule 14 states that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14. The decision to sever counts under this rule is in the sound discretion of the court. *United States v. Zafiro*, 506 U.S. 534, 538–39 (1993). The defendant must show "specific and compelling prejudice" resulting in an unfair trial. *United States v. Vavra*, No. 22-50276, 2023 WL 6162781, at *2 (5th Cir. Sept. 21, 2023). For example, "[c]lear prejudice may result when the jury is unable to separate the evidence and apply it to the proper offenses, or where the jury might use the evidence of one of the crimes to infer criminal disposition to commit the other crimes charged." *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990).

In this case, the Government alleges that Count Four is similar in character to Counts 1-3 because all four counts involve Hart making false statements to obtain money from others. The Government also asserts that there are interwoven facts between all four counts regarding the corporation that Hart was employed by and CEO of, and as such, there is overlapping evidence. Specifically, Hart stated in his 2019 loan application described in Count Four that he was employed by Aireal, Inc. as CEO and his income was $9,232 per month. In addition, for Counts 1-3, it is alleged that Hart transferred money received from an investor into an Aireal LLC bank account. The Government also argues that the Bank of America account referenced in Count Four as being inflated is also referenced in Counts 1-3 wherein he deposited funds from an investor years later. Moreover, the Government states that Hart has not shown sufficient prejudice under Rule 14 justifying severance where any such prejudice can be mitigated with a jury instruction.

In *Osuagwu*, the court considered the joinder of mortgage fraud counts with tax fraud and tax obstruction counts. *United States v. Osuagwu*, No. 3:16-CR-343-K, 2018 WL 1014176, at 1–3 (N.D. Tex. Feb. 22, 2018). The Government argued that the counts all relate to the defendant's submission of false or fraudulent material documents and statements to lenders as well as false forms to the IRS. *Id.* at *2. The defendant argued that the offenses were not connected and there was a 3-year gap between the latest mortgage fraud offense and the tax fraud offenses. *Id.* The court found it was improper to join the mortgage fraud counts with the other counts as they were not of a similar nature or part of a common scheme. *Id.* at *2. Even a tax count involving gains from the same properties implicated in the mortgage fraud did not sufficiently connect the schemes because proving the fraudulent transactions was unnecessary to prove the omission of taxable gains earned in the sale of the properties. *Id.*

In *Diaz-Munoz*, the Fifth Circuit found improper joinder of insurance fraud and embezzlement with tax counts. *United States v. Diaz-Munoz*, 632 F.2d 1330, 1335–36 (5th Cir. 1980). The Government represented that the tax counts involved failure to report fraud proceeds but then failed to establish the connection at trial. *Id.* The court found the tax counts were not based on similar acts nor connected to the other schemes and directed that they be severed on retrial. *Id.*

In a California case involving similar crimes alleged here, the court severed two counts of bank fraud unrelated to the remaining counts of bank fraud and investor-related offenses. *United States v. Rothenberg*, No. 20-cr-00266-JST, 2021 WL 6807580, at 3–4 (N.D. Cal. Oct. 25, 2021). The court explained that "Counts 1 and 2 allege that Rothenberg defrauded the bank by misrepresenting his current financial status and the balance of the credit line on one of his accounts. Counts 3 and 4, on the other hand, allege that Rothenberg defrauded the bank by misrepresenting that investors in the 2015 Fund prepaid their future management and administrative fees, the amount of prepaid fees he was owed, and his method of funding the collateral account." *Id.* Counts 1 and 2 did not involve the misuse or misappropriation of investor funds and the acts involved ended more than a year before any of the other counts in the indictment. *Id.* The court also noted no substantial evidentiary overlap. *Id.* As a result, the court severed the counts. *Id.*

These cases show that financial dishonesty across several counts does not automatically establish similar character. The court agrees with Defendant's reply distinguishing the *Bernegger* case for this same reason. *See United States v. Bernegger*, 661 F.3d 232, 236-237 (5th Cir. 2011). Here, the undersigned finds that the Indictment alleges different victims, different representations, separate objectives, no real shared transactions, and no temporal proximity. The offenses are not of the same character and have different elements for which the proof does not overlap. The

Government pointed to some overlapping facts, i.e. his listed employer, and some bank accounts referenced in his loan application, but these facts are not related in the sense that there is some overlapping evidence as to the elements of each count regarding these facts. Nor are these facts enough to show it is in the interest of judicial economy to try these counts together. The Indictment alleges that Hart misrepresented the amount of funds in his bank account in 2019 when applying for a mortgage in Count 4 and that he later deposited fraudulently obtained investor funds into that same bank account years later. The investor funds are not what is alleged to have inflated the fund for the mortgage application as those were obtained years later. The fraudulent representations alleged in Count 4 occurred over three years prior to the fraudulently obtained and used funds mentioned in Counts 1-3.

With regard to prejudice under Rule 14, the undersigned finds that Defendant would be prejudiced by joinder of the offenses because there is no established connection or similarity, and the evidence of the bank fraud in Count 4 would inevitably spill over to the unrelated issues in the other counts and prejudice Defendant's right to a fair trial on the charges of investor fraud due to a risk that the jury would convict based on perceived bad character or propensity evidence normally excluded under FED. R. EVID. 404. In addition to finding that joinder is not proper under Rule 8, the undersigned recommends that the court exercise its discretion to grant a severance in the interests of justice under FED. R. CRIM. P. 14.

## III. Recommendation

For the reasons discussed herein, the Defendant's Motion to Sever (doc. #17) should be granted.

## IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 19th day of October, 2026.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE